Opinion issued September 27, 2007













In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01146-CR






A.G. WILLIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 964033






MEMORANDUM OPINION

 Appellant pleaded guilty, pursuant to a plea bargain with the State, to the
offense of aggravated assault. The trial court deferred a finding of guilt and placed
appellant on community supervision for six years and assessed a fine of $500. The
State filed a motion to adjudicate guilt, alleging several violations of the conditions
of appellant's community supervision. Appellant pleaded true to some of the
violations and not true to others. Based on the evidence presented through witnesses
and appellant's plea of true to allegations that he had not paid some supervision fees,
the trial court found the allegations to be true, adjudicated appellant's guilt, and
assessed punishment at four years in prison. Appellant filed a timely notice of appeal. 
Appellant's appointed counsel on appeal has filed an Anders brief. (1) We affirm. 

BACKGROUND


 At the hearing on the motion to adjudicate guilt, Latasha Stokes, appellant's
community supervision officer, testified as the custodian of appellant's probation file
and as his probation officer. She testified that appellant had fulfilled his community
service obligation for only one month between March and June 2005. She stated that
he had admitted using alcohol and cocaine in violation of his conditions of
community supervision and that he had not paid several of his supervision fees. 

 Appellant testified that one of the allegations regarding a positive urine test for
cocaine use was not true because the test showed a false positive and a re-test was
negative. However, he also testified that he had used cocaine on one occasion and
had told his community supervision officer about that use. 

DISCUSSION


 Appellant's appointed counsel on appeal has filed an Anders brief, stating that
he has found no arguable points of error to raise on appeal and moving to withdraw
as counsel. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). The brief
meets the requirements of Anders by presenting a professional evaluation of the
record and detailing why there are no arguable grounds for reversal. Id. 386 U.S. at
744, 87 S. Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810 (Tex. Crim. App.
1978). Appellant has filed a pro se response to the Anders brief. 

 A court of appeals has two options when an Anders brief and a subsequent pro
se response are filed. Upon reviewing the entire record, it may determine (1) that the
appeal is wholly frivolous and issue an opinion explaining that it finds no reversible
error or (2) that there are arguable grounds for appeal and remand the case to the trial
court for appointment of new appellate counsel. Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex. Crim. App. 2005). 

 We have carefully reviewed the entire appellate record. We conclude that there
is no reversible error and that the appeal is wholly frivolous. See id. 

 We affirm the judgment and grant counsel's motion to withdraw. (2) 



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.


Do not publish. Tex. R. App. P. 47.2(b). 
1. Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). 
2. Appointed counsel still has a duty to inform appellant of the result of this appeal,
send appellant a copy of this opinion and judgment, and notify appellant that he may, on his
own, pursue discretionary review in the Court of Criminal Appeals. Tex. R. App. P. 48.4; 
see also Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); Ex parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d 770, 771-72 (Tex.
App.--Houston [1st Dist.] 2000, no pet.).